IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marshall L. Williams,                         :
                              Appellant       :
                                              :
            v.                                : No.  357 C.D. 2022
                                              : Submitted:  June 6, 2023
City of Philadelphia                          :
Philadelphia Parking Authority and            :
Bureau of Administrative Adjudication   :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  July 27, 2023


        Marshall L. Williams (Williams), pro se,[1] appeals the order of the Court of
Common Pleas of Philadelphia County (Common Pleas), dated November 1, 2021,
which dismissed his appeal of the Bureau of Administrative Adjudication's (Bureau)
January 22, 2021 decision.  He contends, in relevant part, the Philadelphia Parking
Authority (Authority) wrongfully impounded his cargo van based on unpaid parking
tickets.  After careful review, we affirm.

---

[1] Williams represented himself throughout the proceedings below and continues to do so on appeal
to this Court.

# I. Background

Williams filed a notice of appeal to Common Pleas on February 16, 2021, at docket number 210201792 (Appeal 210201792), challenging the Bureau's January 22, 2021 decision. A letter memorializing the decision appears in the original record. It indicates Williams incurred 76 parking tickets associated with 18 license plates, one of his vehicles was impounded, and he "wishe[d] to dispute the amount required, based on outstanding tickets and accumulative impound fees assigned to . . . listed license plate(s) for authorization for release." Original Record (O.R.), Item No. 2, Notice of Appeal, 2/16/22.

On March 3, 2021, Williams filed an emergency motion in Common Pleas, requesting the release of his impounded vehicle pending appeal. Williams averred the Authority towed his vehicle, a cargo van, on December 31, 2020. He averred he visited the Bureau repeatedly, attempting to obtain the release of his van. According to Williams, he proceeded to a hearing before a parking hearing examiner on January 21, 2021, who refused to release his van unless he paid $8,641.10. He maintained he should not have to pay that sum because he previously negotiated an agreement with the Authority's counsel to release the van for $891. Williams asserted many of the alleged parking tickets were not his but were incurred by someone with a similar name, and he did not receive notice of any tickets before March 2012.

Williams further argued he had been wrongfully removed from Philadelphia's 2018 Parking Amnesty program (Amnesty Program). The Philadelphia Traffic Code (Code)[2] provided for creation of an Amnesty Program lasting from March 1, 2018, to April 30, 2018. Code § 12-2809(6)(a)(.1). Under the program, a participant could obtain "forgiveness" of any parking tickets issued before 2013 by paying off tickets

---

[2] Phila., Pa., Traffic Code §§ 12-101 – 12-3502 (effective May 6, 1958).

2

issued between 2013 and 2017.[3] Code § 12-2809(6)(a)(.2)-(.4). Williams averred he was discharged from the Amnesty Program after he lost his bank card and missed payments. Common Pleas denied the emergency motion by order dated March 4, 2021.

Subsequently, on October 26, 2021, Williams submitted a brief in support of his appeal. Williams again argued he negotiated an agreement for his van's release, which the Bureau improperly rejected. He argued many of the parking tickets were not his but were incurred by someone with a similar name. He further asserted the Bureau's record contained incomplete, inaccurate, and prejudicial information. He contended, for example, 47 of the tickets identified in the record were written off as uncollectable and should not be considered because they were irrelevant and "more prejudicial than probative." O.R., Item No. 13, Brief, 10/26/22, at 13-15. Williams insisted the Amnesty Program administrator wrongfully removed him from the Amnesty Program in November 2018. He described the circumstances as a violation of his federal and state constitutional rights because the Authority was depriving him of property.

As part of these contentions, Williams discussed a prior parking ticket appeal filed in January 2020 at docket number 200101674 (Appeal 200101674), involving a second impounded vehicle.[4] Williams averred Common Pleas remanded Appeal 200101674 on May 18, 2021, based on a representation by opposing counsel that the Authority planned to purge parking tickets 15 years or older. Williams averred this

---

[3] If a participant did not have parking tickets from 2013 to 2017, he or she could obtain forgiveness with the payment of a $50 administrative fee. Code § 12-2809(6)(a)(.5).

[4] Williams filed a motion on April 9, 2021, requesting, among other things, that Common Pleas consolidate Appeal 210201792 with Appeal 200101674. Common Pleas denied Williams' motion by order dated April 9, 2021.

3

representation "has not been confirmed despite [his] . . . written document request." *Id.* at 21. In addition, Williams argued the Authority wrongfully impounded a third vehicle of his on July 22, 2021, and the Bureau refused to set separate bail amounts for his three impounded vehicles.

Common Pleas heard argument on October 28, 2021, and dismissed Williams' appeal by order dated November 1, 2021.[5] In its subsequent opinion, Common Pleas explained the appeal initially appeared to dispute the impounding of Williams' cargo van. Common Pleas Op., 5/18/22, at 1. In his brief and during argument, however, Williams focused on his allegedly wrongful discharge from the Amnesty Program. *Id.* Common Pleas explained it dismissed Williams' appeal because he had failed to exhaust his administrative remedies. *Id.* Common Pleas noted there was no record Williams pursued administrative proceedings before the Bureau regarding either the impounding of his van or his discharge from the Amnesty Program. *Id.* at 4-5.

Williams timely appealed.[6] In his brief to this Court, Williams requests the release of his impounded vehicles and essentially repeats the arguments he presented to Common Pleas.

## II. Discussion

When Common Pleas rules on an appeal from a local agency decision without taking additional evidence, we review for violations of the appellant's constitutional rights and for other errors of law, including whether the procedure before the agency was contrary to statute. *Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062

---

[5] When this Court first received the original record, the record did not include a transcript of the October 28, 2021 argument. Our Prothonotary staff was able to obtain a copy of the transcript, which we reviewed when rendering our decision.

[6] Williams appealed to the Pennsylvania Superior Court, which transferred the case here on March 1, 2022.

n.1 (Pa. Cmwlth. 2010) (citing 2 Pa.C.S. § 754(b)). In addition, we review whether substantial evidence supports the findings of fact necessary to sustain the decision. *Id.*

With a limited exception not relevant here, a party may not forgo an adequate administrative process before pursuing judicial relief. *Se. Pa. Transp. Auth. v. City of Phila.*, 101 A.3d 79, 90 (Pa. 2014). In other words, "the party must first exhaust [his or her] administrative remedies." *Id.* The rationale underlying the exhaustion doctrine is "that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its discretion. The doctrine also allows agencies the opportunity to correct their own mistakes." *Gardner v. Dep't of Env't Res.*, 658 A.2d 440, 446 (Pa. Cmwlth. 1995) (citations omitted).

The Code provides the relevant administrative process for challenging parking tickets and the impounding of vehicles. Under the Code, a vehicle may be booted[7] or towed when it is "parked on a public street and has any combination of three or more delinquent parking tickets or violation notices . . . for which appropriate notice has been sent to the registered owner." Code § 12-2405(c.1). To determine whether a vehicle has three or more delinquent parking tickets, "all tickets issued to the same owner shall be counted." *Id.*

When a vehicle is towed and impounded, the owner may demand an expedited hearing before a parking hearing examiner.[8] Code § 12-2406(1)(a). The purpose of

---

[7] A "boot" is "[a] device consisting of metal clamps or jaws and a padlocking device, which when attached to the wheel of a motor vehicle, prevents the vehicle from being driven." Code § 12-2401(1).

[8] The owner may also waive the right to an expedited hearing "and await a hearing in due course on the underlying parking violations." Code § 12-2406(4). When an owner is found not liable for

**(Footnote continued on next page…)**

the hearing is to assess "whether reasonable cause existed to believe that the vehicle . . . was in violation of the traffic ordinances and laws of the City of Philadelphia or of the Commonwealth of Pennsylvania, and that the towing . . . of such vehicle was authorized by law." *Id.* If a parking hearing examiner finds there was no reasonable cause, or the towing was not authorized by law, the owner is entitled to immediate release of his or her vehicle. Code § 12-2406(1)(a)(.2). Otherwise, in relevant part, the owner may appeal the parking hearing examiner's determination "in the manner set forth in Chapter 12-2800." Code § 12-2406(1)(a)(.3).

Under Chapter 12-2800 of the Code, an owner may appeal the determination of a parking hearing examiner to a parking appeals panel. The parking appeals panel "shall have power to review the facts and the law, and shall have power to affirm the determination or to reverse or modify any determination appealed from for error of fact or law, or to remand for additional proceedings, or, in appropriate cases, to hear the matter de novo." Code § 12-2808(2). Our unreported decisions have recognized an appeal to the parking appeals panel as a critical step to exhausting administrative remedies. *See, e.g.*, *Redmond v. Bureau of Admin. Adjudication* (Pa. Cmwlth., No. 306 C.D. 2018, filed Sept. 11, 2018).[9] If the parking appeals panel affirms the parking hearing examiner's determination, the owner may file an appeal to Common Pleas. Code § 12-2808(6).

In this case, our review of the record does not demonstrate Williams exhausted his administrative remedies. Williams argues he challenged the impounding of his cargo van before a parking hearing examiner and then appealed to a parking appeals

---

underlying violations, he or she "shall have the right upon presentation of evidence thereof, to immediate return of the vehicle." Code § 12-2406(5).

[9] We may cite this Court's unreported decisions filed after January 15, 2008, for their persuasive value. 210 Pa. Code § 69.414(a).

panel, but the Bureau failed to schedule a hearing as requested. Williams' Br. at 19-20, 43. The record does not support Williams' account of events. It contains a letter from the Bureau with a January 22, 2021 "Date of Decision," but the letter seemingly relates to Williams' hearing before the parking hearing examiner only a day earlier, on January 21, 2021. *See* O.R., Item No. 2, Notice of Appeal, 2/16/22. The letter does not confirm Williams appealed to a parking appeals panel.

Even accepting Williams pursued all available administrative remedies with respect to his cargo van[10] before appealing to Common Pleas, there would still be no basis for providing him relief. Once again, a vehicle may be booted or towed if it is "parked on a public street and has . . . three or more delinquent parking tickets . . . for which appropriate notice has been sent to the registered owner." Code § 12-2405(c.1). The record indicates Williams has had myriad parking tickets issued against him, which remain unpaid.

Williams argues many of his parking tickets were issued against someone with a similar name. To the contrary, the record details unpaid tickets issued specifically against "Williams, Marshall, L" at the address Williams has used throughout these proceedings, including at least three in 2007, one in 2008, one in 2009, two in 2010, two in 2011, five in 2015, two in 2016, one in 2017, three in 2018, one in 2019, three in 2020, and one in 2021. *See* O.R., Item No. 11, Bureau Record, 8/26/2021; O.R., Item No. 14, Supplemental Bureau Record, 10/27/2021. Williams averred below he did not receive notice of some of these tickets, but he limited his allegation to tickets received "prior to March 13, 2012." O.R., Item No. 4, Emergency Motion, 3/3/21,

---

[10] The only matter properly before us is Appeal 210201792. Williams did not appeal to this Court from the proceedings at Appeal 200101674. As a result, although Williams requests the release of three impounded vehicles in his brief on appeal, only one vehicle is subject to our review—the cargo van impounded on December 31, 2020.

7

¶ 9. Williams also enrolled in the Amnesty Program in 2018 and, as a result, would have been aware of outstanding tickets issued in 2017 or earlier. *See* O.R., Item No. 14, Supplemental Bureau Record, 10/27/2021.

Primarily, Williams argues he was wrongfully discharged from the Amnesty Program. If Williams wished to challenge his discharge from the Amnesty Program, he needed to present that challenge at the time the discharge occurred in November 2018. Generally, "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa.C.S. § 5571(b). Williams cannot challenge his discharge in an appeal that began over two years later, after the impounding of his cargo van on December 31, 2020. Further, even eliminating from consideration parking tickets the Amnesty Program would have addressed, Williams still incurred at least three tickets in 2018, one in 2019, and three in 2020, before the impounding occurred.

### III. Conclusion

Because our review of the record does not demonstrate Williams exhausted his administrative remedies, and because there would be no basis to order the release of his cargo van or two other impounded vehicles even if he did, we affirm Common Pleas' order dated November 1, 2021.

_____
STACY WALLACE, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marshall L. Williams,          :
            Appellant      :
                       :
         v.             : No.  357 C.D. 2022
                       :
City of Philadelphia        :
Philadelphia Parking Authority and  :
Bureau of Administrative Adjudication  :

# **O R D E R**

    **AND NOW**, this 27th day of July 2023, the order of the Court of Common Pleas of Philadelphia County, dated November 1, 2021, is hereby **AFFIRMED**.

                                       _____

                                     STACY WALLACE, Judge